UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

LA SHANTA HACKING, individually,
and JONATHAN HACKING, individually,
and as parents and natural guardians of
L.A.H., a minor,

       Plaintiffs,

vs.

UNITED STATES OF AMERICA,

       Defendant.

_____/

## <u>COMPLAINT FOR DAMAGES UNDER<br>THE FEDERAL TORT CLAIMS ACT</u>

The Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of L.A.H., a minor, by and through their undersigned attorneys, hereby sue Defendant, UNITED STATES OF AMERICA (hereinafter "USA") and allege as follows:

### **JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1.     Plaintiff, LA SHANTA HACKING, is a resident of the State of Florida, and resides in St. Lucie County and is otherwise *sui juris* for this action in the Southern District of Florida.

2.     Plaintiff, JONATHAN HACKING, is a resident of the State of Florida, and resides in St. Lucie County and is otherwise *sui juris* for this action in the Southern District of Florida.

-1-

3.      Plaintiff, L.A.H., a minor, is a resident of the State of Florida, and resides in St. Lucie County.

4.      The claims herein are brought against the USA pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. § 233(g)(k), and the amended the Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, which provides that the Federal Tort Claims Act 28 U.S.C. §1346(b), §2401(b) and §2671-80, is the exclusive remedy, for injuries including death, caused by employees of a deemed Community Health Center.

5.      Plaintiffs' claim is brought under the theory of medical malpractice, Florida Statutes, Chapter 766.

6.      a.      At the time of the alleged medical malpractice, CHARLES M. ZOLLICOFFER, M.D. was an employee of FLORIDA COMMUNITY HEALTH CENTERS INC., was acting in the course and scope of his employment, and was deemed an employee of the United States pursuant to 42 U.S.C. § 233.

b.      At the time of the alleged nurse midwifery malpractice, CHARLYN ANN RUPKE COLEMAN, CNM, was an employee of FLORIDA COMMUNITY HEALTH CENTERS INC., was acting in the course and scope of her employment, and was deemed an employee of the United States pursuant to 42 U.S.C. § 233.

c.      At the time of the alleged medical and nurse midwifery malpractice referenced above, pursuant to 42 U.S.C. § 2339 (g), FLORIDA COMMUNITY HEALTH CENTERS, INC. was a Federally Supported Health Center and was a deemed federal employee and eligible for Federal Tort Claims Act coverage.

7.      Venue is proper in that all of the acts and omissions forming the basis of these claims occurred at St. Lucie Medical Center in St. Lucie County in the Southern District of Florida, and arose on or about November 19, 2017.

8.      The Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

9.      This suit has been timely filed, in that Plaintiffs timely served notice of their claim on July 8, 2019 to the U.S. Department of Health and Human Services Office of the General Counsel, 330 C. Street, S.W., Switzer Bldg., Suite 2600, Washington, DC, 20201. (**Exhibit A**).  The USDHHS assumed responsibility for processing the claim on July 15, 2019, and ultimately denied the claim on October 16, 2019.  Additionally, Plaintiffs have completed an extensive pre-suit screening process of the claim in compliance with §766.106, Florida Statutes.

10.     The requirements for filing an F.T.C.A. claim were met by the Plaintiffs.

## EVENTS FORMING THE BASIS OF THE CLAIM

11.     On November 19, 2017, at approximately 4:23 A.M., LA SHANTA HACKING was admitted to St. Lucie Medical Center for the delivery of her first child.  Upon admission nurses documented that LA SHANTA HACKING was at full term, her baby was at station -1, she was dilated at 1-3 centimeters and she had a contraction pattern of less than or equal to 5 minutes.

12.     At approximately 4:52 A.M., an external fetal heart monitor was attached to LA SHANTA HACKING's belly, and her baby's fetal heart rate (hereinafter "FHR" )was recorded and reviewed by Defendant U.S.A's deemed employees, Certified Nurse Midwife CHARLYN ANN RUPKE COLEMAN, CNM and CHARLES M. ZOLLICOFFER, M.D.

13.     CHARLES M. ZOLLICOFFER, M.D., LA SHANTA HACKING's attending physician, examined her at approximately 9:45 A.M. and then did not see her again until approximately 5:00 P.M., immediately before he delivered L.A.H.

14.     During Dr. Zollicoffer's absence, Defendant U.S.A's deemed employee, Certified Nurse Midwife CHARLYN ANN RUPKE COLEMAN, CNM and the nursing staff at St. Lucie Medical Center provided care and treatment to LA SHANTA HACKING and her unborn baby.

15.     Throughout the course of the day, the baby had many incidents of non-reassuring fetal heart rates, that included but were not limited to, variable decelerations, prolonged decelerations and late decelerations, all of which indicated a compromised oxygen and blood flow to the baby and were likely indicative of cord constriction.

16.     Defendant U.S.A's deemed employees, CHARLES M. ZOLLICOFFER, M.D. and Certified Nurse Midwife CHARLYN ANN RUPKE COLEMAN, CNM failed to identify the baby's suffering and her immediate need for an operative emergency delivery.

17.     Baby L.A.H. continued to suffer and in the afternoon, the FHR monitoring strip showed an absence of variability, which indicated she was suffering asphyxia, hypoxia and likely brain damage.

18.     At 4:03 P.M., Dr. Zollicoffer was called by the nurse(s) however, no concern for the baby or mother was evidenced in the note even though the FHR monitoring showed that the baby was suffocating.

19.     At approximately 5:00 P.M.,  Dr.Zollicoffer arrived and delivered the baby 4 minutes later via an episiotomy.

20.     According to the records, at the time of delivery, L.A.H.'s umbilical cord was wrapped around her neck, she was not breathing, and a Code Blue was called.  L.A.H. was diagnosed by her neonatal doctor with "birth asphyxia".

21.     L.A.H. was ultimately revived by the neonatal team and following the delivery and she had Apgar scores of 1, 1 and 2.  L.A.H.'s blood gases showed that she had suffered from severe metabolic acidosis and indicated she had hypoxic-ischemic encephalopathy (HIE), a condition that was later diagnosed by her subsequent treaters.

22.     At 2 years of age, L.A.H. suffers from hypoxic-ischemic encephalopathy, as diagnosed by her treaters.   She has massive brain damage, and she is unable to crawl, lift her head or perform normal tasks of a toddler of her age.  She will require 24-hour care for the rest of her life.

**COUNT I**
**F.T.C.A CLAIM  AGAINST THE UNITED STATES OF AMERICA**
**FOR MEDICAL NEGLIGENCE COMMITTED BY**
**CHARLES M. ZOLLICOFFER, M.D.**

The Plaintiffs reallege and re-aver paragraphs 1-22 as if specifically set forth herein.

23.     At all times material, Plaintiffs, LA SHANTA HACKING and L.A.H. were patients of Defendant USA, through CHARLES M. ZOLLICOFFER, M.D., and at that time they were provided medical healthcare and treatment by CHARLES M. ZOLLICOFFER, M.D.  As such, at all times material hereto, a medical provider/patient relationship existed between CHARLES M. ZOLLICOFFER, M.D. and LA SHANTA HACKING and L.A.H.

24.     By virtue of the relationship, the Defendant, USA, through CHARLES M. ZOLLICOFFER, M.D., owed a duty to Plaintiffs, LA SHANTA HACKING and L.A.H. to provide care and treatment which would comply with the prevailing professional standard of care.

25.     Notwithstanding the duty as alleged in paragraphs 23 and 24  above, the
Defendant USA, through CHARLES M. ZOLLICOFFER, M.D., committed the following acts
or omissions, any of which standing alone would constitute a deviation from the prevailing
professional standard of care and a breach of its duties owed to the Plaintiffs, LA SHANTA
HACKING and L.A.H.:

a.     Negligently and/or carelessly failing to properly manage the second stage of
labor and to intervene in a timely manner;

b.     Negligently and/or carelessly failing to acknowledge and address
decelerations in fetal monitor strips;

c.     Negligently and/or carelessly failing to perform a cesarean section in light of
the circumstances;

d.     Negligently and/or carelessly failing to timely and appropriately treat,
evaluate monitor, manage, diagnose and/or assess LA SHANTA HACKING
and her unborn baby;

e.     Negligently and/or carelessly failing to timely and appropriately evaluate,
assess, manage, and monitor L.A.H.'s pre-delivery status;

f.     Negligently and/or carelessly failing to timely and appropriately deliver
L.A.H.;

g.     Negligently and/or carelessly failing to prevent serious and permanent
damages to L.A.H. including but not limited to hypoxic-ischemic
encephalopathy and the many other resulting sequelae;

h.     Negligently and/or carelessly failing to recognize that the unborn infant was
in fetal distress;

i.      Negligently and/or carelessly failing to recognize the patient's need for an immediate delivery by cesarean section;

j.      Negligently and/or carelessly failing to perform an immediate cesarean section when the fetal monitor strips showed fetal distress;

k.      Providing medical services to LA SHANTA HACKING and L.A.H. in a wrongful manner as described in § 768.118(6)(c), Florida Statutes.

l.      Negligently violating hospital policy and procedures resulting in serious injury to L.A.H.;

m.      Further care failures to be provided when they become known.

26.     As a direct and proximate result of the negligence, and/or wanton and willful disregard for the rights and human safety of the Plaintiffs, by the Defendant, USA, through CHARLES M. ZOLLICOFFER, M.D., L.A.H. sustained extensive hypoxic-ischemic encephalopathy causing irreversible brain damage.  As such, L.A.H. and her parents LA SHANTA HACKING and JONATHAN HACKING, have suffered and claim any and all available damages under federal and Florida law including, but not limited to the following:

A.  Damages claimed by L.A.H.:

(1)     For pain and suffering sustained by the minor in the past and in the future;

(2)     For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

(3)     For permanent and total disability sustained by the minor in the past and in future;

(4)     For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

(5)     For disfigurement and scarring sustained in the past and to be sustained in the future;

(6)     For mental anguish sustained by the minor in the past and to be sustained in the future;

(7)     For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of her life; and

(8)     For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B.  Damages claimed by parent, LA SHANTA HACKING:

(1)     Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)     Past and future loss of filial consortium.

C.  Damages claimed by parent, JONATHAN HACKING:

(1)     Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)     Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of and of L.A.H., a minor, demand judgment for the damages listed above against Defendant, USA.

## COUNT II
## F.T.C.A CLAIM  AGAINST THE UNITED STATES OF AMERICA
## FOR MEDICAL NEGLIGENCE COMMITTED BY
## CHARLYN ANN RUPKE COLEMAN, CNM

The Plaintiffs reallege and re-aver paragraphs 1-22 as if specifically set forth herein.

27.     At all times material, Plaintiffs, LA SHANTA HACKING and L.A.H., were patients of Defendant USA, through CHARLYN ANN RUPKE COLEMAN, CNM, and at that time they were provided nurse midwifery treatment by CHARLYN ANN RUPKE COLEMAN, CNM.  As such, at all times material hereto, a nurse midwife/patient relationship existed between CHARLYN ANN RUPKE COLEMAN, CNM and LA SHANTA HACKING and L.A.H.

28.     By virtue of the relationship, the Defendant, USA, through CHARLYN ANN RUPKE COLEMAN, CNM, owed a duty to Plaintiffs, LA SHANTA HACKING and L.A.H., to provide care and treatment which would comply with the prevailing professional standard of care.

29.     Notwithstanding the duty as alleged in paragraphs 27 and 28  above, the Defendant USA, through CHARLYN ANN RUPKE COLEMAN, CNM, committed the following acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiffs, LA SHANTA HACKING and L.A.H.:

a.  Failing to properly manage labor and to intervene in a timely manner;

b.  Failing to recognize non-reassuring fetal heart rates, that included but were not limited to, variable decelerations, prolonged decelerations and late decelerations;

c. Failing to acknowledge and address non-reassuring fetal heart rates, that included but were not limited to, variable decelerations, prolonged decelerations and late decelerations;

d. Failing to recognize an obstetrical emergency ;

e. Failing to appropriately address an obstetrical emergency ;

f. Failing to initiate the chain of authority in the presence of fetal distress in the absence of the attending physician;

h. Failing to appropriately apprise a physician of adverse changes in the condition of the mother;

i. Failing to appropriately apprise a physician of adverse changes in condition of the baby;

j. Failing to timely and appropriate evaluate, assess and manage the mother;

k. Failing to timely and appropriately evaluate, assess and manage the unborn baby;

l. Failing to communicate the severity and urgency of the patient's condition to the patient, the patient's physicians and the patient's family;

m. Providing medical services to LA SHANTA HACKING and L.A.H. in a wrongful manner as described in §768.118(6) Florida Statutes.

n. Further care failures to be provided when they become known.

30.     As a direct and proximate result of the negligence, and/or wanton and willful disregard for the rights and human safety of the Plaintiffs by the Defendant, USA, through CHARLYN ANN RUPKE COLEMAN, CNM, L.A.H. sustained extensive hypoxic-ischemic encephalopathy causing irreversible brain damage.  As such, L.A.H. and her parents LA

SHANTA HACKING and JONATHAN HACKING, have suffered and claim any and all available damages under federal and Florida law including, but not limited to the following:

A.  Damages claimed by L.A.H.:

    (1)    For pain and suffering sustained by the minor in the past and in the future;

    (2)    For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

    (3)    For permanent and total disability sustained by the minor in the past and in future;

    (4)    For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

    (5)    For disfigurement and scarring sustained in the past and to be sustained in the future;

    (6)    For mental anguish sustained by the minor in the past and to be sustained in the future;

    (7)    For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of her life; and

    (8)    For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B.  Damages claimed by parent, LA SHANTA HACKING:

    (1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

    (2)    Past and future loss of filial consortium.

C.  Damages claimed by parent, JONATHAN HACKING:

    (1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

    (2)    Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of and of L.A.H., a minor, demand judgment for the damages listed above against Defendant, USA.

**COUNT III**
**VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER FLORIDA STATUTES CHAPTER 766**
**AGAINST THE UNITED STATES OF AMERICA FOR THE LIABILITY OF FLORIDA COMMUNITY HEALTH CENTERS, INC. FOR THE ACTIONS OF CHARLES M. ZOLLICOFFER, M.D.**

The Plaintiffs re-allege and re-aver paragraphs 1-22 as if specifically set forth herein.

31.    At all times material hereto, CHARLES M. ZOLLICOFFER, M.D., was a physician duly licensed to practice medicine in the State of Florida and held himself out to the public at large and to Plaintiff, LA SHANTA HACKING, as a physician skilled in the practice of medicine and in particular in the specialty of obstetrics and gynecology.

32.    At all times material hereto, CHARLES M. ZOLLICOFFER, M.D., was employed by FLORIDA COMMUNITY HEALTH CENTERS, INC. and was treating the

Plaintiffs, LA SHANTA HACKING and L.A.H., within the course and scope of his employment with FLORIDA COMMUNITY HEALTH CENTERS, INC.

33.     On November 19, 2017, the Defendant USA, through FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLES M. ZOLLICOFFER, M.D., committed the following acts or omissions of negligence, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiffs, LA SHANTA HACKING and L.A.H. :

a.     Negligently and/or carelessly failing to properly manage the second stage of labor and to intervene in a timely manner;

b.     Negligently and/or carelessly failing to acknowledge and address decelerations in fetal monitor strips;

c.     Negligently and/or carelessly failing to perform a cesarean section in light of the circumstances;

d.     Negligently and/or carelessly failing to timely and appropriately treat, evaluate monitor, manage, diagnose and/or assess LA SHANTA HACKING and her unborn baby;

e.     Negligently and/or carelessly failing to timely and appropriately evaluate, assess, manage, and monitor L.A.H.'s pre-delivery status;

f.     Negligently and/or carelessly failing to timely and appropriately deliver L.A.H.;

g.     Negligently and/or carelessly failing to prevent serious and permanent damages to L.A.H. including but not limited to hypoxic-ischemic encephalopathy and the many other resulting sequelae;

h.    Negligently and/or carelessly failing to recognize that the unborn infant was in fetal distress;

i.    Negligently and/or carelessly failing to recognize the patient's need for an immediate delivery by cesarean section;

j.    Negligently and/or carelessly failing to perform an immediate cesarean section when the fetal monitor strips showed fetal distress;

k.    Providing medical services to LA SHANTA HACKING and L.A.H. in a wrongful manner as described in § 768.118(6)(c), Florida Statutes.

l.    Negligently violating hospital policy and procedures resulting in serious injury to L.A.H.;

m.    Further care failures to be provided when they become known.

34.    As a direct and proximate result of the negligence, and wanton and willful disregard for the rights and human safety of the Plaintiffs, by Defendant USA, through FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLES M. ZOLLICOFFER, M.D., L.A.H. sustained extensive hypoxic-ischemic encephalopathy causing irreversible brain damage.  As such, L.A.H.. and her parents, LA SHANTA HACKING and JONATHAN HACKING, have suffered and claim any and all available damages under federal and Florida law including, but not limited to the following:

A.  Damages claimed by L.A.H.:

(1)    For pain and suffering sustained by the minor the past and in the future;

(2)    For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

(3)    For permanent and total disability sustained by the minor in the past and in the future;

(4)    For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

(5)    For disfigurement and scarring sustained in the past and to be sustained in the future;

(6)    For mental anguish sustained by the minor in the past and to be sustained in the future;

(7)    For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of her life; and

(8)    For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B.  Damages claimed by parent, LA SHANTA HACKING:

(1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)    Past and future loss of filial consortium.


C. Damages claimed by parent, JONATHAN HACKING:

(1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)    Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of L.A.H., a minor, demand judgment for the damages listed above against Defendant, USA.

35.     Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC., and CHARLES M. ZOLLICOFFER, M.D., had and undertook the duty to provide the Plaintiff medical care and services in accordance with that level of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

36.     By the virtue of the physician/patient relationship identified and alleged above, Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLES M. ZOLLICOFFER, M.D., owed a duty to Plaintiffs to provide them with medical care and treatment which would meet or exceed the prevailing professional standard of care.

37.     At all times material, Defendant, USA, through CHARLES M. ZOLLICOFFER, M.D., provided care and treatment to Plaintiff, and he was acting in the course and scope of his employment for Defendant USA and FLORIDA COMMUNITY HEALTH CENTERS, INC.    As such, Defendant, USA is responsible for Defendant, CHARLES M. ZOLLICOFFER, M.D.'s negligent acts and /or omissions pursuant to doctrine of respondeat superior.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of L.A.H.,  demand judgment for damages listed in paragraph 34 against the Defendant, USA.

**COUNT IV**
**VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER**
**FLORIDA STATUTES CHAPTER 766**
**AGAINST THE UNITED STATES OF AMERICA FOR THE LIABILITY OF**
**FLORIDA COMMUNITY HEALTH CENTERS, INC. FOR THE ACTIONS OF CHARLYN**
**ANN RUPKE COLEMAN, CNM**

The Plaintiffs re-allege re-aver paragraphs 1-22 as if specifically set forth herein.

38. At all times material hereto, CHARLYN ANN RUPKE COLEMAN, CNM, was a certified nurse midwife duly licensed to practice nurse midwifery in the State of Florida and held herself out to the public at large and to Plaintiff, LA SHANTA HACKING and her unborn baby, Plaintiff, L.A.H., as a certified nurse midwife skilled in the practice of nurse midwifery.

39. At all times material hereto, CHARLYN ANN RUPKE COLEMAN, CNM, was employed by FLORIDA COMMUNITY HEALTH CENTERS, INC. and was treating the Plaintiffs, LA SHANTA HACKING and L.A.H., within the course and scope of her employment with FLORIDA COMMUNITY HEALTH CENTERS, INC.

40. On November 19, 2017, the Defendant USA, through FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLYN ANN RUPKE COLEMAN, CNM, committed the following acts or omissions of nurse midwifery negligence, any of which standing alone would constitute a deviation from the prevailing professional standard of care and a breach of its duties owed to the Plaintiffs, LA SHANTA HACKING and L.A.H.:

a. Failing to properly manage labor and to intervene in a timely manner;

b. Failing to recognize non-reassuring fetal heart rates, that included but were not limited to, variable decelerations, prolonged decelerations and late decelerations;

c. Failing to acknowledge and address non-reassuring fetal heart rates, that

-17-

included but were not limited to, variable decelerations, prolonged
decelerations and late decelerations;

d.      Failing to recognize an obstetrical emergency ;

e.      Failing to appropriately address an obstetrical emergency ;

f.      Failing to initiate the chain of authority in the presence of fetal distress in the
absence of the attending physician;

h.      Failing to appropriately apprise a physician of adverse changes in the
condition of the mother;

i.      Failing to appropriately apprise a physician of adverse changes in condition
of the baby;

j.       Failing to timely and appropriate evaluate, assess and manage the mother;

k.      Failing to timely and appropriately evaluate, assess and manage the unborn
baby;

l.      Failing to communicate the severity and urgency of the patient's condition to
the patient, the patient's physicians and the patient's family;

m.      Providing medical services to LA SHANTA HACKING and L.A.H. in a
wrongful manner as described in §768.118(6) Florida Statutes.

n.      Further care failures to be provided when they become known.

41.      As a direct and proximate result of the negligence, and/or wanton and willful
disregard for the rights and human safety of the Plaintiffs, Defendant USA, through,
FLORIDA COMMUNITY HEALTH CENTERS, INC. and CHARLYN ANN RUPKE
COLEMAN, CNM, L.A.H. sustained extensive hypoxic-ischemic encephalopathy causing
irreversible brain damage.  As such, L.A.H. and her parents LA SHANTA HACKING and
JONATHAN HACKING, have suffered and claim any and all available damages under

federal and Florida law including, but not limited to the following:

A.  Damages claimed by L.A.H.:

    (1)    For pain and suffering sustained by the minor the past and in the future;

    (2)    For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

    (3)    For permanent and total disability sustained by the minor in the past and in the future;

    (4)    For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

    (5)    For disfigurement and scarring sustained in the past and to be sustained in the future;

    (6)    For mental anguish sustained by the minor in the past and to be sustained in the future;

    (7)    For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of her life; and

    (8)    For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B.  Damages claimed by parent, LA SHANTA HACKING:

    (1)    Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)     Past and future loss of filial consortium.

C. Damages claimed by parent, JONATHAN HACKING:

(1)     Past and future non-economic damages, including but not limited to, mental pain and suffering;

(2)     Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of L.A.H., a minor, demand judgment for the damages listed above against Defendant, USA.

42.     Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC., and CHARLYN ANN RUPKE COLEMAN, CNM, had and undertook the duty to provide the Plaintiff medical care and services in accordance with that level of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

43.     By the virtue of the physician/patient relationship identified and alleged above, Defendant, USA through FLORIDA COMMUNITY HEALTH CENTERS, INC., and CHARYLN ANN RUPKE COLEMAN, CNM, owed a duty to Plaintiffs to provide them with medical care and treatment which would meet or exceed the prevailing professional standard of care.

44.     At all times material, Defendant, USA through CHARLYN ANN RUPKE COLEMAN, CNM, provided care and treatment to Plaintiff, and she was acting in the course and scope of her employment for Defendant USA and FLORIDA COMMUNITY HEALTH CENTERS, INC.  As such, Defendant, USA is responsible for Defendant, CHARLYN ANN RUPKE COLEMAN, CNM's negligent acts and /or omissions pursuant to doctrine of respondeat superior.

WHEREFORE, Plaintiffs, LA SHANTA HACKING, individually, and JONATHAN HACKING, individually, and as parents and natural guardians of and of L.A.H.,  demand judgment for damages listed in paragraph 41 against the Defendant, USA.

Dated this 15th day of November, 2019.

MALLARD & SHARP, P.A.
Attorney for Plaintiffs
7700 N. Kendall Drive, Suite 303
Miami, FL 33156
Tel: (305) 461-4800
Fax: (305) 397-2557
Email: bo@mslawcenter.com
Secondary: sally@mslawcenter.com

BY:      /s/  Richard B. Sharp
         _____
         RICHARD B. SHARP
         Fla. Bar No.: 0269890


McMillen Law Firm, P.A.
608 E. Central Blvd.
Orlando, FL 32801
Tel:  1-800-974-4929
scott@mcmillenlawfirm.com
SCOTT McMILLEN, ESQ.
Fla. Bar No. 290939